**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| COLLEEN WITMER, Individually and On Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>    v.<br><br>PERRY ELLIS INTERNATIONAL, INC., GEORGE FELDENKREIS, OSCAR FELDENKREIS, J. DAVID SCHEINER, JOE ARRIOLA, JANE DEFLORIO, BRUCE J. KLATSKY, and MICHAEL W. RAYDEN,<br><br>                Defendants. | Case No. _____<br><br>CLASS REPRESENTATION<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

      Plaintiff, by her undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to herself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

      1.     This action stems from a proposed transaction announced on June 16, 2018 (the "Proposed Transaction"), pursuant to which Perry Ellis International, Inc. ("Perry Ellis" or the "Company") will be taken private by George Feldenkreis ("G. Feldenkreis"), Perry Ellis's founder and member of the Company's Board of Directors (the "Board" or "Individual Defendants").

      2.     On June 15, 2018, Perry Ellis's Board caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Feldenkreis Holdings LLC ("Parent") and GF Merger Sub, Inc. ("Merger Sub," and together with Parent, "Feldenkreis Holdings"). Pursuant to the terms of the Merger Agreement, G. Feldenkreis, through Feldenkreis Holdings, will acquire all of the outstanding common shares of Perry Ellis not already beneficially

owned by the Feldenkreis family for $27.50 per share in cash.

3. On September 10, 2018, defendants filed a proxy statement with the United States Securities and Exchange Commission (the "SEC") in connection with the Proposed Transaction (the "Proxy Statement").

4. The Proxy Statement, which scheduled a stockholder vote on the Proposed Transaction for October 18, 2018, omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over all claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391 because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Perry Ellis common stock.

9. Defendant Perry Ellis is a Florida corporation and maintains its principal executive offices at 3000 N.W. 107th Avenue, Miami, Florida 33172. Perry Ellis's common stock is traded on the NasdaqGS under the ticker symbol "PERY."

10. Defendant G. Feldenkreis is a director and founder of the Company.

11. Defendant Oscar Feldenkreis ("O. Feldenkreis") is President, Chief Executive Officer ("CEO"), and a director of the Company. O. Feldenkreis is G. Feldenkreis's son.

12. Defendant J. David Scheiner ("Scheiner") is Chairman of the Board and a director of the Company.

13. Defendant Joe Arriola ("Arriola") is a director of the Company.

14. Defendant Jane DeFlorio ("DeFlorio") is a director of the Company.

15. Defendant Bruce J. Klatsky ("Klatsky") is a director of the Company.

16. Defendant Michael W. Rayden ("Rayden") is a director of the Company.

17. The defendants identified in paragraphs 11 through 16 are collectively referred to herein as the "Individual Defendants."

## CLASS ACTION ALLEGATIONS

18. Plaintiff brings this action as a class action on behalf of herself and the other public stockholders of Perry Ellis (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

19. This action is properly maintainable as a class action.

20. The Class is so numerous that joinder of all members is impracticable. As of June 14, 2018, there were 15,890,868 shares of Perry Ellis common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

21. Questions of law and fact are common to the Class, including, among others, whether defendants violated the 1934 Act and whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

22. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

23. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

24. Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

25. Perry Ellis is a leading designer, distributor, and licensor of a broad line of men's and women's apparel, accessories, and fragrances.

26. The Company's collection of dress and casual shirts, golf sportswear, sweaters, dress pants, casual pants and shorts, jeans wear, active wear, dresses, and men's and women's swimwear is available through all major levels of retail distribution.

27. The Company, through its wholly-owned subsidiaries, owns a portfolio of nationally and internationally recognized brands, including: Perry Ellis®, An Original Penguin® by Munsingwear®, Laundry by Shelli Segal®, Rafaella®, Cubavera®, Ben Hogan®, Savane®, Grand Slam®, John Henry®, Manhattan®, Axist®, Jantzen®, and Farah®.

28. The Company enhances its roster of brands by licensing trademarks from third parties, including: Nike® and Jag® for swimwear, and Callaway®, PGA TOUR®, Jack Nicklaus® for golf apparel, and Guy Harvey® for performance fishing and resort wear.

29. On June 15, 2018, the Individual Defendants caused the Company to enter into the Merger Agreement.

30. Pursuant to the terms of the Merger Agreement, G. Feldenkreis, through Feldenkreis Holdings, will acquire all of the outstanding common shares of Perry Ellis not already beneficially owned by the Feldenkreis family for $27.50 per share in cash.

31. According to the press release announcing the Proposed Transaction:

Perry Ellis International (NASDAQ:PERY) ("Perry Ellis" or the "Company") today announced it has entered into a definitive merger agreement under which a newly formed entity controlled by George Feldenkreis, Perry Ellis' founder and member of the Company's Board of Directors, will acquire all of the outstanding common shares of Perry Ellis not already beneficially owned by the Feldenkreis family for $27.50 per share in cash. Additionally, the Company and George Feldenkreis have agreed to defer the next annual meeting for the election of directors while the merger agreement is pending.

The purchase price represents a premium of approximately 21.6 percent to Perry Ellis' unaffected closing stock price on February 5, 2018, the last trading day prior to George Feldenkreis announcing his proposal to take the Company private. The transaction is valued at approximately $437 million.

The transaction was unanimously approved by the Perry Ellis Board of Directors, acting on the unanimous recommendation of a Special Committee of independent directors that was granted full authority to conduct a comprehensive strategic review and evaluate and, if warranted, negotiate the Feldenkreis acquisition proposal. . . .

> Following completion of the transaction, Oscar Feldenkreis will continue to lead the company as Chief Executive Officer. George Feldenkreis, Director and Founder, will return to an active role in the management of the Company. Perry Ellis will continue to be headquartered in Miami, Florida. Upon close, Perry Ellis will become a privately held company and Perry Ellis common shares will no longer be listed or traded on any public market.
>
> The transaction will be financed through a Senior Secured Asset Backed Revolving Loan Facility underwritten by Wells Fargo Bank, N.A., a $282 million multi-tranche term financing facility provided by Fortress Credit Advisors LLC and equity provided by the Feldenkreis family.
>
> The transaction, which is expected to close in the second half of calendar year 2018, is subject to the satisfaction of customary closing conditions and approvals, including approval by Perry Ellis shareholders (including a majority of the shares owned by shareholders other than the Feldenkreis family or any officers or directors of the Company), receipt of regulatory approvals and other customary closing conditions.
>
> PJ SOLOMON is serving as financial advisor to the Special Committee, Paul, Weiss, Rifkind, Wharton & Garrison LLP and Akerman LLP are serving as the Special Committee's legal counsel, and Innisfree M&A Incorporated is serving as the Company's proxy solicitor. SCOPE Advisors LLC is serving as financial advisor to the group led by George Feldenkreis, and Olshan Frome Wolosky LLP and Proskauer Rose LLP are serving as legal advisor to the group led by George Feldenkreis. Stearns Weaver Miller Weissler Alhadeff & Sitterson is serving as legal counsel to Oscar Feldenkreis. Kirkland & Ellis LLP is serving as legal advisor to Fortress Credit Advisors LLC and its affiliates.

32. The Individual Defendants caused the Company to enter into the Merger Agreement despite the fact that there was a substantially higher offer pending from Randa Accessories Leather Goods, LLC ("Randa").

33. On April 5, 2018, Randa submitted an indication of interest to acquire the Company for $27.75 per share, which was $0.25 per share higher than the merger consideration.

34. On July 1, 2018, Randa increased its offer to $28.00 per share.

35. Ultimately, on July 27, 2018, Randa increased its offer to *$28.90* per share.

36. Nevertheless, the Board chose the Proposed Transaction, pursuant to which the Company's shareholders will receive only $27.50 per share.

*The Proxy Statement Omits Material Information, Rendering It False and Misleading*

37. On September 10, 2018, defendants filed the Proxy Statement with the SEC in connection with the Proposed Transaction.

38. As set forth below, the Proxy Statement, which scheduled a stockholder vote on the Proposed Transaction for October 18, 2018, omits material information with respect to the Proposed Transaction.

39. The Proxy Statement omits material information regarding the background of the Proposed Transaction. The Company's shareholders are entitled to a full and accurate description of the "process" the Company's directors and officers used in coming to their decision to support the Proposed Transaction.

40. The Proxy Statement fails to disclose the Board's basis for removing Individual Defendant G. Feldenkreis as Executive Chairman of the Company on September 20, 2017.

41. The Proxy Statement fails to disclose what specifically prompted the Board's formation of the "Special Committee" on October 24, 2017, including the "certain matters" surrounding Individual Defendant O. Feldenkreis's role as CEO of the Company and his employment arrangement with the Company.

42. The Proxy Statement fails to disclose the terms of the engagement agreement entered into by the Company and AlixPartners, LLP ("AlixPartners") on March 16, 2018, pursuant to which AlixPartners was engaged as a consultant by the Special Committee in connection with the Proposed Transaction. Among other things, the Proxy Statement fails to disclose the amount of compensation AlixPartners will receive in connection with its engagement. The Proxy Statement also fails to disclose whether AlixPartners has performed past services for any party to the Merger Agreement or their affiliates, as well as the timing and nature of such services and the

7

amount of compensation received by AlixPartners for such services.

43. The Proxy Statement fails to disclose the terms of the engagement agreement entered into by the Company and FWCook ("Cook"), pursuant to which Cook was engaged by the Special Committee in connection with the Proposed Transaction. Among other things, the Proxy Statement fails to disclose the amount of compensation Cook will receive in connection with its engagement. The Proxy Statement also fails to disclose whether Cook has performed past services for any party to the Merger Agreement or their affiliates, and the timing and nature of such services and the amount of compensation received by Cook for such services.

44. The Proxy Statement fails to disclose the terms of the confidentiality agreement executed by the Company and Randa, including whether the confidentiality agreement contained standstill and/or "don't ask, don't waive" provisions.

45. The omission of the above-referenced material information renders the Proxy Statement false and misleading, including, *inter alia*, the following sections of the Proxy Statement: (i) Background of the Merger; and (ii) Recommendation of the Special Committee and Our Board of Directors; Reasons for Recommending the Adoption of the Merger Agreement; Fairness of the Merger.

46. The omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Perry Ellis

47. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

48. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in

light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Perry Ellis is liable as the issuer of these statements.

49. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

50. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

51. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

52. The Proxy Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

53. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

54. Because of the false and misleading statements in the Proxy Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants

55. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

56. The Individual Defendants acted as controlling persons of Perry Ellis within the

meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as officers and/or directors of Perry Ellis and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

57. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

58. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.  The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in the making of the Proxy Statement.

59. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

60. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.  As a direct and

proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.　　Enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.　　In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.　　Directing the Individual Defendants to file a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.　　Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.　　Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.　　Granting such other and further relief as this Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: September 24, 2018                      **CULLIN O'BRIEN LAW, P.A.**

                                               By: *s/Cullin A. O'Brien*
**OF COUNSEL**:                                    Cullin A. O'Brien
                                                   Florida Bar No. 0597341
**RIGRODSKY & LONG, P.A.**                         Cullin@cullinobrienlaw.com
300 Delaware Avenue, Suite 1220                    6541 N.E. 21st Way
Wilmington, DE 19801                               Ft. Lauderdale, FL 33308
Tel.: (302) 295-5310                               Tel.: (561) 676-5370

**RM LAW, P.C.**                                   *Attorneys for Plaintiff*
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
Tel.: (484) 324-6800